United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALAQUIAS ELIONAI RAMIREZ CARDONA,

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No. 26-cv-12223-AMO

**ORDER GRANTING PRELIMINARY INJUNCTION**

This matter is before the Court on an Order to Show Cause Why a Preliminary Injunction Should Not Issue. Having considered the papers filed by the parties, the arguments presented at the hearing held on November 2, 2026, and good cause appearing, the Court **GRANTS** a preliminary injunction for the reasons set forth below.

## I. BACKGROUND

### A. Factual background

Petitioner Malaquias Elionai Ramirez Cardona has lived in San Mateo, California for the last 5 years. Dkt. No. 1 ("Pet.") ¶¶ 1, 24; Dkt. No. 1-2 ("Ramirez Cardona Decl.") ¶ 2. He works for a local plumbing business and is an active member of his church. Pet. ¶¶ 1, 25-26; Ramirez Cardona Decl. ¶ 2.

On October 20, 2026, Ramirez Cardona was riding as a passenger in his employer's marked work van. Pet. ¶¶ 2, 30; Ramirez Cardona Decl. ¶ 4. ICE stopped the vehicle. Pet. ¶ 31; Ramirez Cardona Decl. ¶ 5. Ramirez Cardona was not driving and was not the subject of the stop. Pet. ¶ 2. ICE handcuffed Ramirez Cardona and handcuffed the subject of the stop. *Id.* One ICE officer asked Ramirez Cardona in Spanish whether he had a criminal record. Pet. ¶ 33. ICE took Ramirez Cardona into custody and transferred him to the ICE Field Office at 630 Sansome Street,

San Francisco, California. Pet. ¶¶ 2, 33, 35-36. Ramirez Cardona asserts that he was arrested without a warrant, without any determination that he was likely to escape before a warrant could be obtained, without individualized reasonable suspicion that he was engaged in any unlawful activity, and without being informed of the reason for his arrest. Pet. ¶¶ 3, 32; Ramirez Cardona Decl. ¶ 6. Ramirez Cardona attests that he has never been arrested by police, that he has no criminal record, and that prior to the incident giving rise to this action, he had never been arrested by immigration officials. Pet. ¶¶ 27, 28; Ramirez Cardona Decl. ¶¶ 3, 6.

Deportation Officer Ryan Williams participated in Ramirez Cardona's arrest. Dkt. No. 18-1 ("Williams Decl.") ¶ 4. Williams declares that on October 2, 2026, he "participated in the targeted arrest of a different alien at which [Ramirez Cardona] was present." *Id.* ¶ 6. Williams requested Ramirez Cardona's identification, and Ramirez Cardona provided his Guatemalan Consular ID Card. *Id.* & Ex. 1. A member of the arrest team entered Ramirez Cardona's information in DHS databases and determined that Ramirez Cardona "had entered the country without inspection, did not have an outstanding immigration case or status, and did not have any criminal history." Williams Decl. ¶ 6. Williams instructed Ramirez Cardona "to report to the ICE office at 630 Sansome Street in San Francisco on the following Monday (which would have been October 5, 2026) at 9:30 AM." *Id.* Williams "wrote these details down on a sheet of paper for [Ramirez Cardona] to reference." *Id.* ICE did not arrest Ramirez Cardona. *Id.* & Ex. 1

After Ramirez Cardona failed to report to the ICE Field Office, "the member of [Williams'] team who had planned the targeted arrest at which [Ramirez Cardona] was encountered followed up on [Ramirez Cardona's] case for enforcement action in the event [Ramirez Cardona] was again encountered." Williams Decl. ¶ 7. Because Williams' "team member had already determined [Ramirez Cardona] had entered the country without inspection and did not have an outstanding immigration case or status, a Warrant of Arrest for [Ramirez Cardona] was prepared based upon established probable cause that Petitioner was without lawful status in the United States." *Id.*

The Warrant is dated October 19, 2026, and was signed by Immigration Officer SDDO David T. Pham on that date. Dkt. No. 11-2. It states that there is probable cause to believe that

United States District Court
Northern District of California

Ramirez Cardona is removable from the United States based on "the execution of a charging document to initiate removal proceedings against the subject," and "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." *Id.* A certificate of service states that the Warrant was served on Ramirez Cardona on October 20, 2026, and that its contents were read to him in Spanish. *Id.* The Notice to Appear is dated October 20, 2026, and is signed by Issuing Officer SDDO Michael Taylor. Dkt. No. 11-3 at 1. The certificate of service states that the notice was served on Ramirez Cardona on October 20, 2026, and oral notice was provided in Spanish. *Id.* at 3. A Notice of Custody Determination states that Ramirez Cardona will be detained pending a final administrative decision in his case. Dkt. No. 11-4. Ramirez Cardona acknowledged receipt of this notification and requested review of the custody determination by an immigration judge. *Id.*

**B. Procedural background**

Following his arrest, Ramirez Cardona filed a verified habeas petition asserting claims for unlawful arrest in violation of the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and its implementing regulations, 8 C.F.R. §§ 287.3(a) and 287.8(c)(2)(ii) (Claims 1 and 3), failure to make an individualized custody determination in violation of 8 U.S.C. § 1226(a) and its implementing regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Claim 2), unlawful detention in violation of the Fifth Amendment's Due Process Clause (Claim 4), and unlawful detention in violation of the Fifth Amendment's Substantive Due Process Clause (Claim 5). Pet. ¶¶ 39-63.

Ramirez Cardona also filed a motion for temporary restraining order. Dkt. No. 3. The Court granted the motion, issued an Order to Show Cause Why a Preliminary Injunction Should Not Issue, and set a hearing for November 2, 2026. Dkt. No. 4. At the hearing, the Court extended the temporary restraining order to November 17, 2026, and directed submission of additional evidence. Dkt. No. 15. The parties then filed a stipulation with a proposed schedule for their supplemental submissions. Dkt. No. 16. The Court granted that stipulation with

modifications, Dkt. No. 17, and the parties filed their further responses,[1] Dkt. Nos. 18, 19, as directed by the Court.

## II. LEGAL STANDARD

To obtain a preliminary injunction, a plaintiff must establish a likelihood of success on the merits, irreparable harm in the absence of preliminary relief, that the balance of equities tips in the plaintiff's favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citing *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)) (internal quotation marks omitted). When the party opposing a preliminary injunction is the government, the balance of equities and public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. DISCUSSION

The Court takes up the *Winter* factors in turn.

### A. Likelihood of Success on the Merits

Ramirez Cardona has demonstrated a likelihood of success on the merits of his Fifth Amendment procedural due process claim.[2] Under the Due Process Clause of the Fifth Amendment to the United States Constitution, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful,

---

[1] In both its response to the Order to Show Cause, Dkt. No. 11, and its supplemental submission, Dkt. No. 17, the government asks that the Court dismiss Ramirez Cardona's habeas petition. Dkt. No. 11 at 2; Dkt. No. 18 at 3. Because the Court concludes the Ramirez Cardona is entitled to preliminary relief, it denies the government's request. Absent a stipulation from the parties that this Order resolves the action in its entirety, within 14 days, they shall meet and confer on a proposed briefing schedule on the underlying Petition.

[2] Because Ramirez Cardona is likely to succeed on his procedural due process claim, the Court does not reach the merits of his remaining claims. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1194 (9th Cir. 2022).

unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). It typically "requires some kind of a hearing *before* the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

In determining what procedures are constitutionally sufficient to protect a liberty interest, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Mathews* calls for balancing the following three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

Applied here, these factors support a finding that Ramirez Cardona has a constitutional right to a pre-deprivation hearing. First, Ramirez Cardona has a substantial private interest in remaining out of custody. "Courts routinely look to factors like the length of a person's residency, their work history, and their community ties—not just whether they were previously released by immigration authorities—in assessing an immigrant's liberty interest." *Chaparro Ayala v. Albarran*, No. 26-CV-09430-CRB, 2026 WL 2722780, at *4 (N.D. Cal. Sept. 15, 2026). Ramirez Cardona has lived in San Mateo for the last five years, he has maintained employment, and he is an active member of his church. He thus has a significant interest in remaining in his home, maintaining his ties to his community, and continuing his employment. *See id.* Moreover, when ICE first encountered Ramirez Cardona on October 2, 2026, he was not taken into custody, which independently gives rise to a protected liberty interest in remaining out of custody. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (rejecting the government's argument that the petitioner had no liberty interest "because due process does not attach to a benefit granted in the government's discretion"). The first *Mathews* factor thus weighs in favor of Ramirez Cardona.

United States District Court
Northern District of California

Second, there is a risk the government will erroneously deprive Ramirez Cardona of his significant liberty interest without a pre-deprivation hearing. "Where the petitioner does not receive a hearing, the risk of an erroneous deprivation [of liberty] is high because neither party has had an opportunity to determine whether there is any valid basis for [the petitioner's] detention." *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1040 (N.D. Cal. 2025) (internal quotations omitted; modifications in original). Providing Ramirez Cardona "with a pre-detention hearing will help ensure any future detention is lawful." *Chaparro Ayala*, 2026 WL 2722780, at *5 (internal quotations and citation omitted). As Ramirez Cardona notes, "no neutral decisionmaker has assessed whether he poses a flight risk or danger, ICE's custody form records no finding on either question, and neither party has had an opportunity to test whether any valid basis for detention exists." Dkt. No. 3 at 14 (internal citation omitted). As a result, "[t]he government's unilateral determination that re-detention is warranted is far less likely to be correct than the decision reached by a neutral adjudicator in a bond hearing." *Duong*, 800 F. Supp. 3d. at 1040. The Court thus rejects the government's argument that Ramirez Cardona is not entitled to a pre-deprivation hearing and that Ramirez Cardona's request for a custody determination somehow obviates the need for one. Dkt. No. 11 at 3. This Court joins the many others in this District that have rejected this argument as "contra to the many cases where courts have found pre-deprivation hearings were necessary before an individual could be re-detained." *Chaparro Ayala*, 2026 WL 2722780, at *5 (collecting cases). The second *Mathews* factor thus weighs in favor of Ramirez Cardona.

Finally, the government's interest in depriving Ramirez Cardona of a pre-deprivation hearing is minimal. *See Jorge M. F. v. Wilkinson*, No. 21-CV-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) ("[T]he government's interest in re-arresting [Petitioner-Plaintiff] without a hearing before an IJ is low.") (internal quotations and citation omitted; second modification in original); *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *3 (N.D. Cal. Aug. 23, 2020) (noting "the low level of the government's interest in re-arresting petitioner without a hearing before an IJ"). The third and final *Mathews* factor thus weighs in favor of Ramirez Cardona.

Because the *Mathews* factors weigh in favor of Ramirez Cardona, he has shown a likelihood of success on the merits of his procedural due process claim. The Court now turns to the remaining *Winters* factors.

**B. Irreparable Harm**

Ramirez Cardona has also demonstrated he is likely to suffer irreparable harm in the absence of preliminary injunctive relief. His interest in freedom from imprisonment "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Further, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.' " *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "The Ninth Circuit has specifically recognized 'the irreparable harm imposed on anyone subject to immigration detention.' " *Chaparro Ayala*, 2026 WL 2722780, at *5 (quoting *Melendres*, 695 F.3d at 995). "[I]t follows inexorably from [the] conclusion" that Ramirez Cardona's detention without a pre-hearing is "likely unconstitutional" that he has "also carried [his] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

**C. Balance of Equities and the Public Interest**

The final two *Winter* factors, the balance of the equities and public interest, also weigh sharply in favor of granting preliminary injunctive relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F.*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see also Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). Meanwhile, the potential harm to the government is minimal. The government, at most, faces a short delay in detaining Ramirez Cardona if it ultimately demonstrates his detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3. The government is not "harmed in any legally

United States District Court
Northern District of California

cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Ramirez Cardona's] favor." *Hernandez*, 872 F.3d at 996 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).[3]

**D. Security**

Federal Rule of Civil Procedure 65(c) provides that a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in the amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted). Because the Court "concludes there is no realistic likelihood of harm" to the government from enjoining its conduct, *id.*, the Court will require Ramirez Cardona to post a nominal bond of $5.00.

///

///

///

///

///

///

///

///

///

///

[3] Thus, even if Ramirez Cardona only raised "serious questions" going to the merits of his procedural due process claim, he would nonetheless meet the requirements for preliminary injunctive relief. *See All. for the Wild Rockies*, 865 F.3d at 1217.

United States District Court
Northern District of California

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** a preliminary injunction in this matter. It is **HEREBY ORDERED** that:

Respondents are **ENJOINED AND RESTRAINED** from re-detaining Ramirez Cardona without notice and a pre-deprivation hearing before a neutral decisionmaker.

It is further **ORDERED** that:

During the pendency of the habeas proceedings, Respondents are **ENJOINED AND RESTRAINED** from removing Ramirez Cardona from this judicial district and **PROHIBITED** from removing Ramirez Cardona from the United States.

Ramirez Cardona shall post a bond of $5.00 by no later than November 25, 2026.

**IT IS SO ORDERED.**

Dated: November 16, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**